IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLARENCE HENDRIX, ) | |
|    Reg. no. 17251-424, ) | 08cv3873 |
| ) | JUDGE ZAGEL |
| v. ) | MAG. JUDGE BROWN |
| ) | |
| UNITED STATES OF AMERICA. ) | Hon. James B. Zagel |

**MOTION PURSUANT TO 28 U.S.C. 2255, TO VACATE,
SET ASIDE, OR CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY**

CLARENCE HENDRIX, by his attorney, DANIEL S. ALEXANDER, pursuant to 28 U.S.C. 2255, respectfully moves this Honorable Court to vacate, set aside, or correct his sentence of federal imprisonment.

In support of this motion, plaintiff states as follows:

**Details of Conviction**

1. Place of detention: FCI Fort Dix, Ft. Dix, N.J.

2. Sentence imposed by the Honorable James Zagel, United States District Court, Northern District of Illinois, Eastern Division, Date of Judgment: May 12, 2005, Case no. 04-CR-0757, Sentence of 240 months imprisonment.

3. Offense was the alleged sale of 53.7 grams of crack cocaine, in violation of 21 U.S.C. 841(a)(1), 841(b)(1)(A)(iii), and 851(a)(1).

4. Plea was not guilty, jury trial, jury acquitted on charge of distributing controlled substance on August 8, 2004, but convicted on distributed controlled substance on May

1

9, 2004, Defendant did not testify. Sentenced on only one count. No future sentence to serve on other cases other than the present judgment under attack.

5. Direct appeal to Seventh Circuit Court of Appeals, conviction and sentence affirmed on April 9, 2007.

**Prior Petitions**

6. Defendant filed one earlier pro se 2255 petition before Judge Zagel of this Court, on July 17, 2007, case no. 07 CV 4041, which was withdrawn prior to ruling, on motion by defendant to withdraw the petition with leave to file new 2255 petition, which motion was granted by Judge Zagel on August 2, 2007.

7. On or about May 16, 2007, defendant filed a pro se motion for new trial based on newly discovered evidence, under case no. 04 CR 757. This Court, without evidentiary hearing, denied the motion as untimely on July 16, 2007. Defendant appealed this order to the Seventh Circuit Court of Appeals, which reversed and remanded the District Court's order on June 2, 2008, Appeal number 07-2869, Mandate issued June 24, 2008. This petition is still pending.

**Prior Attorneys**

8. At preliminary hearing: Anita Rivkin-Carothers, Chicago, IL; At arraignment: Gregory Mitchell, Homewood, IL.; At trial and sentencing: Robert Willis and Berve Power, Chicago, IL.; On appeal: Allan Ackerman, Chicago, IL.; On appeal of denial of newly discovered evidence motion: Daniel Alexander, Chicago, IL.

**Grounds Upon Which Defendant Claims He Is Being Held Unlawfully**

Ground One:

**Ineffective Assistance of Trial Counsel – Failure to Object to Admission of Drugs**

9. During the trial, the government offered into evidence exhibits May 9 Drugs and May 9 Napkin. Defense counsel did not object and the exhibits were admitted. (Tr. 77) These exhibits bore no fingerprints of defendant, nor did any agent, law enforcement person, or confidential informant testify as to a complete chain of custody of these items. In fact, the items were out of view of law enforcement personnel for all or most of the time of the alleged buy, and not one witness put the items in the possession of defendant. Moreover, the confidential informant disappeared from law enforcement view for some twenty minutes during the alleged buy, when he went into his girlfriend's apartment for that period. Because the government did not put on the C.I., it was not possible for it to establish chain of custody of the drugs used to convict the defendant. It is possible that defense counsel did not initially object because the government had previewed that it would call the C.I. However, when the government later decided not to call the C.I., defense counsel should have then moved to exclude the drugs based on no chain of custody. Failure to object to the admission of the drugs used to convict the defendant fell far below the Strickland standard, and the prejudice is obvious. If the government had no contraband, it could not have convicted the defendant.

Ground Two:

**Ineffective Assistance of Trial Counsel – Failure to Object to Hearsay Statements of C.I.**

10. During the trial, the government elicited numerous incriminating hearsay statements of the confidential informant. For example, Agent Culloton repeatedly testified without objection that the May 9 Drug evidence was purchased from Clarence Hendrix by the C.I., when he had no personal knowledge of that fact. (See, e.g., Tr. 76, 78, 79) These statements were obviously offered for the truth of the matter asserted, as the government did not call the C.I. to testify that he purchased any illegal drugs from the defendant. Again, the prejudice is obvious -- without the C.I.'s testimony, there was no direct evidence that the drugs came from Clarence Hendrix. Defense counsel's failure to object to these obvious hearsay statements fell far below the Strickland standard, and could not have been the result of any bona fide trial strategy. Defense counsel compounded this error by failing to object to alleged transcripts of the tape recordings that identify speakers that Agent Cullotin was not familiar with, such as the brother of the defendant, James Lee Carr, who was in fact in custody on the day of the tape recording identifying him at the scene. The identifications of these speakers was made by the C.I., who was not called to testify. (See, e.g., Tr. 386) These errors violated defendant's rights to minimally effective assistance of counsel and confrontation of the witnesses against him.

4

Ground Three:

**Ineffective Assistance of Trial Counsel -- Failure to Call James Lee Carr**

11. After not objecting to hearsay statements and transcripts showing defendant's brother, James Lee Carr, to be present at the scene of the alleged drug transaction, defense counsel did not call Mr. Carr, or put on certified public records, that would have established that Mr. Carr was in the custody of the State of Illinois on the date of the alleged recordings. Because the C.I.'s version of the events was crucial to the government's case (albeit put on through hearsay), the C.I.'s statements to Agent Culloton about James Lee Carr being present at the alleged transaction would have seriously undermined the government's case, further demonstrating the unreliability of the C.I.'s version of the events. Again, this failure violated the Strickland standard and deprived defendant of his right to effective assistance of counsel.

Ground Four:

**Ineffective Assistance of Appellate Counsel -- Failure to Raise Confrontation Issue**

12. Although the Confrontation Clause violation as detailed in Ground Two above was obvious from the transcript, appellate counsel did not raise it until the Reply Brief on direct appeal. As such, the Seventh Circuit deemed this argument to be forfeited. (April 9, 2007 Opinion, p.7, fn.1.) This violated defendant's right to effective assistance of appellate counsel.

<u>Ground Five</u>:

**Ineffective Assistance of Appellate Counsel – Failure to Raise Ineffective Trial Counsel**

13. Detailed in Grounds One, Two, and Three above, here trial counsel committed several serious errors: (1) failure to object to admission of drug evidence; (2) failure to object to hearsay statements of C.I.; and (3) failure to call James Lee Carr. However, appellate counsel failed to raise any of these issues on direct appeal, thus seriously prejudicing defendant. This violated defendant's right to effective assistance of appellate counsel.

<u>Ground Six</u>:

**Cumulative Failures of Trial and Appellate Counsel**

14. The cumulative effect of the errors of trial counsel, and then appellate counsel, as detailed above, caused defendant to be deprived of his right to effective assistance of counsel as guaranteed by the Constitution.

WHEREFORE, CLARENCE HENDRIX respectfully asks this Honorable Court to vacate, set aside, or correct his sentence, or for such other and further relief as he may be entitled to in this proceeding.

Respectfully submitted,

CLARENCE HENDRIX

By: One of his attorneys

Daniel S. Alexander
Law Offices of Daniel S. Alexander
820 West Jackson Blvd., Suite 300
Chicago, Illinois 60607
312-263-8005

6